**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARIA DEL CARMEN Y. MENDOZA** | § | |
| **and CARMINA M. VILLA** | § | |
| **d/b/a HAIRMASTERS,** | § | |
| | § | |
| **Plaintiffs,** | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | **SA-01-CA-0937 FB (NN)** |
| **REGIS CORPORATION,** | § | |
| **HAIRMASTERS 1 thru 8, and** | § | |
| **MASTERCUTS 1 and 2,** | § | |
| | § | |
| **Defendants.** | § | |

<u>**ORDER GRANTING MOTION TO STRIKE IN PART (DOCKET ENTRY 93)**</u>

The matter before the Court is plaintiff's motion to strike Exhibit 1 of defendant's

supplemental opposition, defendants' response and plaintiffs' reply thereto (docket entries 93, 95

and 97).

This motion arises in the context of the determination of the amount of attorneys fees and

costs owing to plaintiffs as a result of defendants having been found to be in civil contempt.  The

Court concluded by Order of September 30, 2005 that defendants are liable to plaintiffs for

attorneys fees and costs after finding that defendants violated an agreed order and permanent

injunction.  The amount of the attorneys fees and costs is before the Court for resolution.

In the course of briefing the issue, defendants filed their "Supplemental Opposition to

Plaintiffs' Motion for and Affidavit in Support of Attorneys' Fees and Notice of Rule 68 Offer of

Judgment" (docket entry 89).  Through the motion now before the Court plaintiffs ask the Court

to strike Exhibit 1 to that supplemental opposition, which is a copy of a letter defendants'

counsel sent to plaintiffs' counsel on March 29, 2005, and in which defendants offered "to have judgment entered in favor of your clients in the present contempt proceeding [sic] amount of $50,000, inclusive of attorneys' fees and costs."  Plaintiffs move to strike the exhibit as inadmissible pursuant to Federal Rule of Evidence 408. They also urge that the March 29 letter is not effective as a Rule 68 Offer of Judgment.

Defendants respond that the letter is effective under Federal Rule of Civil Procedure 68 to limit plaintiffs recovery of costs, including attorneys fees, to those incurred prior to the making of the offer because the offer was more favorable than the amount plaintiffs recovered through the contempt proceeding.  They also argue that through the operation of Rule 68, plaintiffs are responsible for the costs incurred by defendant subsequent to the date of the offer.  Finally, they argue that Rule 408 does not preclude the Court from considering the offer memorialized in this letter when determining the reasonableness of the fees sought by plaintiffs.

**Is the Letter Inadmissible Pursuant to Rule 408?**

Rule 408 of the Federal Rules of Evidence provides that evidence of offers of compromise are not admissible to prove liability for a claim in dispute, the invalidity of a claim, or the amount of the claim. The Rule goes on to explain that when offered for some other purpose, such a proving bias or prejudice of a witness or undue delay, the evidence is admissible.

Plaintiffs' request to strike the exhibit is without support.  It is unclear to what extent the letter is relevant to matter now before the Court (i.e., the determination of the attorney fees and costs owed by defendants as a result of their contemptuous conduct) but it is only <u>inadmissible</u> to the extent it is used to prove that plaintiff's "claim" which included compensatory damages as well as attorneys fees and costs, may have been valued at one time at $50,000.  The motion to

strike will therefore be **DENIED**.  To the extent the Court considers the letter when assessing the reasonableness of the fees sought by plaintiffs, it will not be used for a purpose deemed inadmissible by Rule 408.

**Is the Letter Admissible as a Rule 68 Offer of Judgment?**

The letter which is the subject of plaintiffs' motion to strike was submitted as Exhibit 1 to defendant's "Supplemental Opposition to Plaintiffs' Motion for and Affidavit in Support of Attorneys' Fees and Notice of Rule 68 Offer of Judgment" (docket entry 89).  Plaintiffs strenuously argue that the March 29 letter does not operate as a Rule 68 offer of judgment and move to strike the exhibit for that additional reason.

The subject letter, dated March 29, 2005, is captioned "PRIVILEGED OFFER OF SETTLEMENT AND COMPROMISE UNDER FRE 408," and states in relevant part:

> Pursuant to Federal Rule of Evidence 408, Regis Corporation hereby offers to have a judgment entered in favor of your clients in the present contempt proceeding [sic] amount of $50,000, inclusive of attorney's fees and costs. No contempt or other wrongdoing would be admitted in the judgment.  This offer will expire if not accepted by your clients by 5:00 PM on April 5, 2005.

The only statement in the letter concerning the consequences of rejecting the offer is the following:

> In the event that your clients do not accept this offer, I am enclosing Defendants' <u>Revised</u> First Set of Interrogatories and <u>Revised</u> First Set of Requests for Production of Documents and Things.

The letter continues with a discussion of depositions yet to be scheduled and other remaining discovery.

Federal Rule of Civil Procedure 68 provides as follows:

> At any time more than 10 days before the trial begins, a party
> defending against a claim may serve upon the adverse party an
> offer to allow judgment to be taken against the defending party for
> the money or property or to the effect specified in the offer, with
> costs then accrued. If within 10 days after the service of the offer
> the adverse party serves written notice that the offer is accepted,
> either party may then file the offer and notice of acceptance
> together with proof of service thereof and thereupon the clerk shall
> enter judgment. An offer not accepted shall be deemed withdrawn
> and evidence thereof is not admissible except in a proceeding to
> determine costs. If the judgment finally obtained by the offeree is
> not more favorable than the offer, the offeree must pay the costs
> incurred after the making of the offer. The fact that an offer is
> made but not accepted does not preclude a subsequent offer. When
> the liability of one party to another has been determined by verdict
> or order or judgment, but the amount or extent of the liability
> remains to be determined by further proceedings, the party
> adjudged liable may make an offer of judgment, which shall have
> the same effect as an offer made before trial if it is served within a
> reasonable time not less than 10 days prior to the commencement
> of hearings to determine the amount or extent of liability.

The Rule serves to shift responsibility for costs accrued after the making of a timely settlement

offer to the offeree when "the judgment finally obtained ...is not more favorable than the offer."

A close examination of the March 29, 2005 letter reveals that it is not a Rule 68 Offer of

Judgment.  The letter fails to include any reference to Rule 68.  The letter threatens that if the

offer is not accepted, revised interrogatories and requests for admission will require responses,

but it fails to include any reference to the consequences imposed by operation of Rule 68 if the

offer is rejected and plaintiffs obtain a less favorable judgment.  The letter demanded a response

within seven calendar days, rather than the ten days provided by Rule 68 for consideration of a

settlement offer.  As the drafter of the document, defendants could have easily communicated

their desire that the letter be construed as a Rule 68 Offer of Judgment if that had been their

intention.  Courts have held that attempted offers are generally interpreted using contract principles with ambiguities construed against the drafter.[1]   The drafters here did not make clear their intentions that rejection of the offer might subject plaintiffs to the cost shifting "penalty" incorporated into Rule 68.  Accordingly, defendants cannot now claim any of the benefits of the Rule.

For these reasons, to the extent defendants submitted Exhibit 1 as representing a Rule 68 Offer of Judgment, plaintiffs' motion to strike is **GRANTED**.

Finally, the parties are again encouraged to confer and resolve the pending attorney fee dispute by agreement.  Defendants are cautioned that their persistent aggressive positions since the filing of the motion to show cause  – so well demonstrated in their attempt to convert a standard settlement offer into a Rule 68 Offer of Judgment – will be considered by the Court if the parties are unable to resolve this matter and the Court is required to analyze the extensive attorney fee records in light of the Johnson factors.[2]   Additionally, plaintiffs are reminded that this time-consuming analysis will be followed by entry of a Memorandum and Recommendation, followed by opportunity for written objection, and finally review of all of the above by the District Court; a process that promises to be lengthy.  There are a multitude of reasons for the parties to bring closure to this saga.

To this end, the parties are directed to confer and advise the Court in writing no later than **August 15, 2006** of the outcome of their attempts, including any scheduled formal

---

[1]**Basha v. Mitsubishi Motor Credit of America, Inc.**,336 F.3d 451, 453-55 (5th Cir. 2003); **Erdman v. Cochise County, Arizona**, 926 F.2d 877, 880 (9th Cir. 1991).

[2]**Johnson v. Georgia Highway Express, Inc.**, 488 F.2d 714 (5th Cir. 1974).

mediation with Mr. Pasqual or other mediator.

It is so ORDERED.

**SIGNED** on July 6, 2006.


_Nancy Stein Nowak_
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE