IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA DEL CARMEN Y. MENDOZA<br>and CARMINA M. VILLA<br>d/b/a HAIRMASTERS, | § § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. |
| v. | § § | SA-01-CA-0937 FB (NN) |
| REGIS CORPORATION,<br>HAIRMASTERS 1 thru 8, and<br>MASTERCUTS 1 and 2, | § § § § | |
| Defendants. | § | |

**ORDER RE ATTORNEY FEE DETERMINATION**

The matter before the Court is the determination of plaintiffs' attorneys fees and expenses incurred in successfully litigating their motion for an order to show cause why defendant should not be held in contempt.

In reviewing the plaintiffs' submissions, including their attorney fee affidavits attached to docket entries 74, 94 and 102, I find that plaintiffs have omitted information necessary for the Court's review of their request. Specifically, they neglected to identify several individuals ("MP," "ASD", "JC" and "RLM") whose hours are included in their billing sheets and the hourly rate for those individuals, and the records are silent as to the relationship between the hourly rates and the prevailing rates in the community for the type of work performed by these individuals. Mr. Lee's August 2005 affidavit (attached to docket entry 74) is the only document which explicitly addresses the experience, reputation and ability of an individual whose time records are included in the plaintiffs' submissions. This information is essential for determining the "lodestar" as well the application of one of the twelve **Johnson** factors.

Additionally, the records – which are lengthy and submitted in seven separate billing reports – do not clearly state which portion of the total $116,428.91 requested represents attorneys fees, and the portion attributable to expenses and costs.  Further, I do not find any clear statement in any of the attorney affidavits or briefing of the amount or categories of time that were written off or any other indication of the exercise of "billing judgment."[1]  Also, I do not find any clear statement of the number of hours Mr. Lee, Mr. Villarreal or possibly others spent developing evidence concerning defendant's net worth or profits; evidence which the Court determined was irrelevant in determining damages.

The Court is charged with examining the billing records to determine initially if the entries represent time reasonably expended.  The Court must also determine whether the hourly rates charged by each of the individuals who worked on the case and whose time is reflected in the billing records are reasonable.  Only after conducting this inquiry and calculating the "lodestar" does the Court proceed to apply the **Johnson** factors.  The records submitted to date make the lodestar determination nearly impossible.

Accordingly, plaintiffs are directed to file a supplemental affidavit in support of their request for fees and expenses which at a minimum addresses the above areas within 30 days of this Order.

**SIGNED** on April 12, 2007.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[1] **Walker v. HUD**, 99 F.3d 761, 769-70 (5th Cir. 1996).